By order of October 5, 2016, the application for leave to appeal the January 6, 2016 order of the Court of Appeals was held in abeyance pending the decision in
 
 People v. Comer
 
 (Docket No. 152713). On order of the Court, the case having been decided on June 23, 2017,
 
 500 Mich. 278
 
 ,
 
 901 N.W.2d 553
 
 (2017), the application is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the June 4, 2015 amended judgment of sentence, and we REMAND this case to the Calhoun Circuit Court to reinstate the May 15, 2015 judgment of sentence. In
 
 Comer
 
 , we held that correcting an invalid sentence by adding a statutorily mandated term is a substantive correction that a trial court may make on its own initiative only before judgment is entered. In this case, the trial court did not have authority to amend the judgment of sentence after entry to add a provision for consecutive sentencing under MCL 768.7a(2). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.
 

 We do not retain jurisdiction.
 

 Viviano, J. (concurring).
 

 In this case, defendant was erroneously given a concurrent sentence when the relevant statute, MCL 768.7a(2), actually required a consecutive sentence. The circuit court sua sponte amended its judgment of sentence to correct this error. However, in
 
 People v. Comer
 
 ,
 
 500 Mich. 278
 
 ,
 
 901 N.W.2d 553
 
 (2017), we held that trial courts do not have authority to sua sponte amend an invalid sentence under MCR 6.429 or MCR 6.435.
 
 [1]
 
 Accordingly, in the instant case, the Court today vacates the circuit court's amendment as impermissible under
 
 Comer
 
 .
 

 The dissent, in arguing against this result, raises and develops two arguments
 that the prosecutor has not addressed: (1) that the erroneously imposed concurrent sentence was a mere clerical error that the circuit court could correct "on its own initiative" under MCR 6.435(A) ; and (2) that, even if the circuit court lacked authority to amend the judgment sua sponte, the prosecutor should be given another chance to file a motion to amend the judgment because the circuit court's amendment came "a mere 20 days" after the original judgment was issued. But it is not our role to find and develop unpreserved arguments on behalf of litigants. See
 
 Carducci v. Regan
 
 ,
 
 230 U.S. App. D.C. 80
 
 , 86,
 
 714 F.2d 171
 
 (1983) (Scalia, J.) ("The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them."). For this reason, I would decline to reach these issues and I concur in the Court's order.
 
 [2]
 

 MCR 6.429(A) has since been amended, effective September 1, 2018, and now provides that "[t]he court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard," as long as the correction "occur[s] within 6 months of the entry of the judgment of conviction and sentence."
 

 The dissent's assertion that defendant did not preserve the
 
 Comer
 
 issue is puzzling. In his application for leave to appeal, defendant argued that "[a] trial court may correct an invalid sentence, but may not modify a sentence after it has been imposed except as provided by law. MCR 6.429(A) [.]" In
 
 Comer
 
 , which was decided after defendant's application was filed, we addressed whether a trial court has the authority to correct an invalid sentence on its own initiative after judgment on that sentence has entered. After considering both MCR 6.435 (the general rule regarding a court's ability to correct mistakes in judgments and orders) and MCR 6.429 (the specific rule discussing the court's ability to correct an invalid sentence), we concluded "that the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence."
 
 Comer
 
 ,
 
 500 Mich. at 297
 
 ,
 
 901 N.W.2d 553
 
 . While defendant here sought resentencing, our subsequent opinion in
 
 Comer
 
 makes it clear that the appropriate relief in these circumstances is reinstatement of the original judgment of sentence. See
 
 id
 
 . at 301,
 
 901 N.W.2d 553
 
 . Far from raising a new issue on defendant's behalf, then, the majority merely grants defendant the relief mandated by
 
 Comer
 
 for the error that he asserted-i.e., that his "sentence was improperly changed from a concurrent sentence to a consecutive one by way of a judgment of sentence dated 6-3-15." The dissent, by contrast, raises new theories and would grant relief that was not requested on an issue that was not even briefed by the prosecutor on appeal.